IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| HECTOR IBARRA, ET AL. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-11-115 |
| | § | |
| TOWER INSURANCE COMPANY OF | § | |
| NEW YORK, ET AL. | § | |

## REPORT AND RECOMMENDATION

Before the Court, by referral from the Honorable Kenneth M. Hoyt, United States District Judge, is "Defendant Sterling National Insurance Agency, Inc.'s Motion for Summary Judgment." Having considered the Motion and the applicable law, the Court now submits this Report and Recommendation to Judge Hoyt.

Plaintiffs, Hector Ibarra, Magda Ibarra and U.S. Regina, Inc., own commercial property in Brazoria County, Texas, which was damaged during Hurricane Ike. The property was insured against storm damage by Defendant, Tower Insurance Company of New York (Tower). Plaintiffs were dissatisfied with Tower's damage assessment and payment amount on their claim and they filed suit in state court on February 2, 2011, against Tower, Sterling National Insurance Agency, Inc. (Sterling) and John Zammillo, Jr., alleging breach of contract and extra-contractual claims. According to Plaintiffs' original petition, "Tower assigned Defendant Sterling to adjust the claim" and Zammillo was the actual adjuster who assessed Plaintiffs' damages. On March 11, 2011, the Defendants removed the suit from the 412th Judicial District Court of Brazoria County, Texas, on the basis of diversity of citizenship.

On May 11, 2011, Sterling filed the instant Motion in which it denied any involvement in the adjustment of Plaintiffs' claim. Attached to the Motion is the affidavit of David Williams, Sterling's Vice President of Claims, which states in pertinent part that "Sterling National does not have any record of the Plaintiffs' policy referenced in the Plaintiffs' complaint, nor any receipt of an assignment from Tower Insurance Company of New York to adjust the Plaintiffs' claims, nor was Sterling National the adjuster of the subject insurance claims for repairs" and further, that "Sterling National did not receive or accept assignment of Plaintiffs' insurance claim from Tower Insurance Company of New York, or perform any adjusting work in response thereto, relative to the Plaintiffs' property located at 102 Oakdale Court, Brazoria, Texas 77422, in Brazoria County." On May 17, 2011, this Court gave Plaintiffs until June 3, 2011, to move to dismiss their claims against Sterling or to file a response to the Motion for Summary Judgment. To date, Plaintiffs have done neither.

The Court sees no need to recite, at length, the well-established summary judgment standard; it will suffice to note that although the Court cannot grant a default summary judgment simply because a nonmovant has failed to respond, it may, in the absence of a response, accept the movant's evidence as undisputed and then determine whether the movant has made a *prima facie* showing of its entitlement to summary judgment based upon that undisputed evidence. C.F. Dahlburg & Co. v. Chevron USA, Inc., 836 F.2d 915, 919 (5th Cir. 1988) (where nonmovant failed to submit affidavits or discovery items on dispositive matters no genuine issue of material fact existed.) Most significantly, a nonmovant cannot rely on the "facts" in its unverified complaint to avoid summary judgment. Solo Serve Corp. v. Westowne Associates, 929 F.2d 160, 165 (5th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) )   Aside from

the Plaintiffs' unsworn allegation that "Defendant Tower assigned Defendant Sterling to adjust the claim," Plaintiffs have failed to point to any "evidence" in the record sufficient to establish the existence of a material fact and justify any further proceedings against Sterling. In the absence of such evidence, Plaintiffs' claims against Sterling are baseless.

It is, therefore, the **RECOMMENDATION** of this Court that the "Motion for Summary Judgment" (Instrument no. 5) of Defendant, Sterling National Insurance Agency, Inc., be **GRANTED** and that all claims asserted against Sterling by the Plaintiffs be **DISMISSED**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **June 28, 2011**, to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ____14th____ day of June, 2011.

_____
John R. Froeschner
United States Magistrate Judge